### JARED P. DODGE VS. JOHN PASSAGE and ELISHA WHIPPLE.

Where judgment was obtained against two defendants on a joint note, given for the benefit of one of them, and execution was issued against both, and the defendant who had no interest in the note moved to compel the sheriff to collect it of his co-defendant, and it appeared that the defendant moving had received from his co-defendant at the time of giving the note property for security; and it also appearing that the plaintiff offered to assign the judgment to any person the defendant moving should designate upon payment of the amount, which defendant declined doing; the motion was denied, with costs.

*Motion on behalf of Passage, one of the defendants, for an order directing the sheriff of Allegany county to raise the money due upon the fi. fa. in his hands issued to said cause, out of the property of the defendant Whipple, or so much thereof as the personal property of said Whipple would bring.*—This judgment was obtained on a promissory note made by the defendants for the sole benefit of Whipple. It appeared from the papers for the motion, that Whipple resided in Allegany county,

and the defendant Passage in Livingston county; that two fi. fa's were issued on the judgment, one to each of said counties, and the deputy sheriff had levied upon personal property of Whipple's sufficient to satisfy the judgment, and the plaintiff had notified the sheriff not to collect any more than his fees from the property of Whipple.

On the part of Dodge, the plaintiff, it appeared that when Passage signed the note upon which this judgment was obtained, he took from Whipple property to secure him for signing the note, and had sufficient in his hands to pay the judgment, and that the property of Whipple levied upon, was incumbered, and plaintiff did not wish to involve himself in difficulty with other persons, and declined to have the sheriff go on and sell the property of Whipple upon his (plaintiff's) responsibility. It also appeared that Dodge, the plaintiff, offered to assign the judgment to any person Passage should designate, upon his receiving his pay for the amount of it.  Judgment perfected Nov. 1, 1844.

P. Gansevoort, *Counsel for motion.*   R. P. Wisner, *Atty for motion.*
R. W. Peckham, *opposed.*             Hastings & Williams, *Plffs Attys.*

Bronson, Chief Justice—Denied the motion, on the ground that as appeared from the papers, Passage had received property of Whipple as security for the demand; and besides, the plaintiff, Dodge, had offered to assign the judgment to any person Passage might designate upon paying the amount of it.

*Decision.*—Motion denied with costs.